The Honorable Ted E. Mullenix State Representative 140 Riverside Drive Hot Springs, Arkansas 71913
Dear Representative Mullenix:
This is in response to your request for an opinion on two questions regarding a nepotism policy in the city of Hot Springs. You indicate that a female employee at the City Fire Department wishes to marry a male employee also employed by the City Fire Department. The city has informed the couple that it will not make an exception to the city's nepotism policy. You ask, specifically, whether the city is constitutionally justified in arriving at this decision, and whether the "no spouse" policy is constitutional.
It is my opinion that the City of Hot Springs is justified in making its decision, and that the "no spouse" policy is in all likelihood constitutional.
The policy in question provides that "it shall be against the policy of the City of Hot Springs to hire members of the immediate family to work within the same department. For the purpose of this policy, immediate family includes spouse, mother, father, son, daughter, sister and brother." The policy provides specific procedures to follow if two employees within the same department become married while so employed. The policy provides for notification of the Chief (presumably of the police or fire department) who then must notify the Personnel Director. The policy requires one of the employees to resign or transfer to another department within thirty calendar days after the marriage. The affected employees may mutually agree on which one will transfer or resign, or if they cannot reach an agreement, the lower classification of employee will be required to transfer or resign. If both employees are equally classified, the one lower in seniority will be required to transfer or resign. In the event that seniority is also equal, the choice will be made by the chief.
Each of your questions ultimately ask the same question: whether the policy above is constitutional. If the policy is constitutional, then of course, the City of Hot Springs is justified in applying it. It is my opinion, based upon a number of cases from other jurisdictions, and upon relevant language of cases in the Eighth Circuit, that the policy would withstand constitutional scrutiny. Challenges to similar policies have been upheld on constitutional grounds. For example, in Parks v. City of Warner Robins, ___ F. Supp. ___ (WL 10231 M.D.Ga. 1994), the federal district court held a similar nepotism policy constitutional. The policy at issue in Parks provided, when two departmental employees married, for the transfer of one of them. If an appropriate transfer could not be made, the policy provided for the termination of the less senior employee. The court upheld the policy as applied to two supervisory police department employees who wished to marry. The female employee sued for declaratory and injunctive relief, claiming that the policy violated her right of association as guaranteed by the First and Fourteenth Amendments and her procedural and substantive due process rights under the Fourteenth Amendment. The court characterized the right as one of "substantive due process" involving the fundamental right to marry. The court concluded, however, that the policy affected the right to marry only in an indirect manner, and therefore applied only the "rational basis" test in determining its constitutionality. The court cited with approval authority from other jurisdictions which held that similar provisions placed no direct legal obstacle in the path of persons desiring to get married, although the individuals were forced to give up a substantial economic benefit as a result of their decision to marry. The court noted the legitimate governmental purposes cited in support of the policy, including prevention of conflicts of interest, the avoidance of the appearance or existence of favoritism, and the avoidance of family conflicts.
A similar decision was reached by the Supreme Court of Iowa in Sioux City Police Officers' Association v. City of Sioux City,495 N.W.2d 687 (Iowa 1993). In this case, several employee associations (including the firefighters' association) challenged the adoption of a new anti-nepotism policy which, like the Hot Springs policy, prohibited the employment of spouses in the same city department, and required the spouses to decide which one would transfer or be terminated, of if they couldn't decide, the less senior employee would be transferred or terminated. The court characterized the nature of the interest as a "right to privacy," but noted, as did the court in Parks, that the policy did not deny city employees the right to marry. The court stated that "while the policy may require co-workers who wish to marry to confront difficult choices, the policy is not a direct and substantial infringement on the right to marry. The court therefore applied a lower level of scrutiny and held that the policy bore a fair and substantial relationship to the laudable legislative purpose of preventing opportunity for conflict of interest and favoritism in city employment. The court noted that the policy was narrowly drawn, as it only prohibited spousal relationships within the same department, and afforded the right to transfer, rather than mandating automatic termination.
Other cases upholding such policies include Parsons v. County of Del Norte, 728 F.2d 1234 (9th Cir. 1984), cert. denied,469 U.S. 846 (1984) (anti-nepotism policy as applied to two sheriff's department employees who wished to marry did not unduly burden right to marry); McCabe v. Sharrett, ___ F.3d ___ (WL 13830 11th Cir. 1994) (police chief's secretary who married police officer had fundamental right to marry, but right was outweighed by the government's right to run an efficient police department); Shawgo v. Spradlin, 701 F.2d 470
(1983) (no privacy rights violated where police officers were disciplined for cohabitating); Kukla v. Village of Antioch,647 F. Supp. 799 (N.D.ILL. 1986) (constitutional protection for the right to marry has not voided reasonably drawn antinepotism rules); Cutts v. Fowler, 692 F.2d 138 (1982) (FCC antinepotism policy does not violate fundamental right to marry). But see, Adkins v. Board of Education of Magoffin County, 982 F.2d 952 (6th Cir. 1993) (denying summary judgment on question of whether school district employee was denied continued employment on basis of employee's marriage relationship); and Swope v. Bratton, 541 F. Supp. 99 (W.D.Ark. 1982) (constitutional deprivation found where police officer disciplined for having private relationship with police dispatcher).
It is my opinion that the Eighth Circuit would reach a similar result in light of language found in Keckeisen v. Independent School District 612, 509 F.2d 1062 (1975) (antinepotism policy applied to school principal and spouse-teacher did not deny people the right to marry, only prohibited employment of married couples in administrator/teacher situations), and Gorrie v. Bowen, 809 F.2d 508 (8th Cir. 1987) (holding that not all regulations that impact the right to marry are unconstitutional).
It is therefore my opinion that the "no-spouse" policy of the City of Hot Springs would withstand constitutional scrutiny. In my opinion it is narrowly drawn to serve the legitimate governmental purposes of preventing favoritism and conflicts of interest in employment. In addition, the reasons stated by the City Manager with regard specifically to the fire department (i.e., the potential for intense emotions to affect job performance, and safety concerns where two spouses work in an emergency situation) are legitimate. It is my opinion that the policy is therefore constitutional on its face. Questions as to the proper application of the policy (i.e., whether it might be unconstitutional as applied) are factual in nature, and thus are not the proper subject of an attorney general opinion. This issue could only be addressed by a court presented with substantial evidence.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh